NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

| | |
|---|---|
| BANK OF AMERICA, NA, as successor in interest by merger to MERRILL LYNCH CREDIT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DAWN E. PROSSER, et al.,<br><br>Defendants. | Civ. No. 12-00008<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

This matter appears before the Court upon the Motion of Defendants Dawn E. Prosser and Jeffrey J. Prosser (collectively, "the Prossers")[2] to dismiss the Complaint of Plaintiff Bank of America, NA. (Doc. No. 35). Plaintiff opposes and also seeks to amend the Complaint. (Doc. No. 38). For the reasons stated herein, the Prossers' Motion will be denied, and Plaintiff will be granted leave to amend its Complaint.

### BACKGROUND

Plaintiff's suit is a foreclosure action seeking declaratory judgment with respect to a note and mortgage on which the Prossers are allegedly in default. The remaining Defendants include individuals and entities holding liens alleged to be junior to the interests held by Plaintiff.

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.
[2] Because there are several named Defendants besides the Prossers in this action, for the purposes of clarity the Court will not refer to the Prossers collectively as "Defendants."

1

According to Plaintiff, on November 24, 1993 the Prossers took out a loan from Merrill Lynch Credit Corporation ("MLCC"), executing and delivering a promissory note to MLCC. In the Note, the Prossers promised to pay the principal sum of one million dollars plus 7.5% interest per year to MLCC. In addition, Plaintiff claims that as a security for the Note's repayment, the Prossers executed and recorded a mortgage in favor of MLCC. Plaintiff further asserts that on July 1, 2011 MLCC merged into Bank of America and thus, Plaintiff is now the holder of the Note and Mortgage. The Prossers have allegedly defaulted on the terms and conditions of the Note and Mortgage and have failed to cure their default despite a demand made by Plaintiff. On January 27, 2012 Plaintiff filed the present foreclosure action seeking declaratory judgment as to default, the amount of outstanding unpaid debt due, the relative priority of liens, and the terms and conditions of a foreclosure sale, among other things.

The Prossers moved to dismiss Plaintiff's Complaint on May 29, 2012. One of the asserted grounds for dismissal is abstention based on the claim that there exists a previously filed, pending action in the Virgin Islands Superior Court. It appears that at some point prior to the filing of the present suit, there was a Chapter 7 bankruptcy proceeding involving the same property at issue here. Relating to that proceeding, on June 17, 2009 Mrs. Prosser filed a complaint against MLCC and FirstBank Puerto Rico (who is not a party to the present suit), alleging breach of contract, negligence, recklessness, intentional infliction of emotional distress, and negligent infliction of emotional distress based on allegedly improper disclosure of information in the course of the bankruptcy proceedings. As of the filing of the Prossers' 2012 Motion to Dismiss in the present case, the Superior Court suit was still pending. Thus, it appears that there are two suits between the Prossers and Bank of America, NA: (1) a Superior Court suit

in which Mrs. Prosser is the plaintiff, and (2) the present suit, with Bank of America as the Plaintiff. On January 29, 2015 the present case was reassigned to Judge Anne E. Thompson.

## DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows parties to assert facial and factual challenges to the subject matter jurisdiction of the court. *Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000). "[I]n a facial attack the defendant contests the sufficiency of the complaint, while a factual attack challenges the existence in fact of federal subject matter jurisdiction." *LaLoup v. U.S.*, 29 F. Supp. 3d 530, 536 (E.D. Pa. July 10, 2014); *see also SKIF Corp. v. Gov't of V.I.*, No. 2007-152, 2010 WL 1490346, at *2 (D.V.I. Apr. 13, 2010). "In reviewing a factual attack, the court may consider evidence outside the pleadings." *Gould Elecs. Inc.*, 220 F.3d at 176. The plaintiff bears the burden of demonstrating federal jurisdiction. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

Under Federal Rule of Civil Procedure 12(b)(7) a court may dismiss a complaint for failure to join a party pursuant to Rule 19. Fed. R. Civ. P. 12(b)(7). "[T]he moving party must show a plaintiff has failed to join a party under [Rule] 19." *Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 235 (E.D. Pa. 2014); *see also Byas v. Legislature of V.I.*, No. 2006-238, 2008 WL 5422852, at *2 (D.V.I. Dec. 17, 2008). The court, in reviewing a Rule 12(b)(7) motion, "must accept as true the allegations in the complaint and draw all reasonable inferences in the non-moving party's favor." *Scottsdale*, 303 F.R.D. at 236; *see also Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 Fed. App'x 803, 805 (3d Cir. 2003). However, the court may also

3

consider evidence outside the pleadings when making a Rule 19 determination. *Scottsdale*, 303 F.R.D. at 236.

Rule 19 requires courts to conduct a two-step inquiry to determine whether an action must be dismissed for failure to join a party. *See* Fed. R. Civ. P. 19(a), 19(b); *Byas*, 2008 WL 5422852, at *1-2. First, the court must ascertain whether the presence of an absent party is necessary:

> (1) A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>   (A) in that person's absence, the court cannot afford complete relief among existing parties; or
>   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>     (i) as a practical matter impair or impede the person's ability to protect the interest; or
>     (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If an absent party is necessary and required to be joined in the action, Rule 19(a)(2) directs the court to order that the absent person be made a party. Fed. R. Civ. P. 19(a)(2). However, if a party is necessary, but joinder of that party is not feasible (for example because it would destroy complete diversity), then the court proceeds to the second step to determine whether the absent party is indispensable according to the factors in Rule 19(b). Fed. R. Civ. P. 19(b). "If a non-party is necessary, cannot be joined, and is indispensable, the action cannot proceed and must be dismissed." *Byas*, 2008 WL 5422852, at *2 (internal citations omitted).

B. Analysis

The Prossers assert three reasons for dismissing the Complaint: (1) lack of subject matter jurisdiction, (2) abstention, and (3) failure to join a party required under Rule 19.

*i.*     *Subject Matter Jurisdiction*

The Prossers argue that this Court lacks subject matter jurisdiction because the only basis for federal jurisdiction over this matter is diversity jurisdiction under 28 U.S.C. § 1332, and the Prossers claim that diversity is incomplete. Section 1332(a) grants federal courts jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Courts have interpreted the statute to require complete diversity, meaning no plaintiff is a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). A natural person is a citizen of the state where she is domiciled. *Id.* A corporation is a citizen of both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c). A national bank is a citizen of the state in which its main office, as specified in its articles of association, is located. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 303 (2006). And, "[w]ith respect to merged companies, it is the surviving entity's citizenship which is determinative for diversity." *PNC Bank, N.A. v. Gaskill*, No. 13-00030-BR, 2013 WL 5183032, at *1 (E.D.N.C. Sept. 12, 2013); *see also* 13F Charles A. Wright et al., *Federal Practice and Procedure* § 3623 (3d ed. 2009) ("When two or more corporations merge the citizenship question arises. . . . The cases seem to be in agreement that the citizenship of the surviving entity is controlling; the citizenship of the predecessor company becomes irrelevant."). Plaintiff must demonstrate diversity of citizenship by a preponderance of the evidence. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

Here, the Prossers assert a factual challenge to jurisdiction under Rule 12(b)(1) because they do not dispute the sufficiency of the Complaint, but rather contest the jurisdictional facts alleged. According to the Prossers, Bank of America is not the proper plaintiff because Bank of

America merged with MLCC's parent company Merrill Lynch rather than with MLCC itself. The Prossers appear to argue that MLCC survived the merger and exists as a separate subsidiary of Bank of America.[3] Thus, the Prossers claim that MLCC is the real party in interest for purposes of determining subject matter jurisdiction.[4] They allege that MLCC is a citizen of Delaware, its state of incorporation, and Florida, its principal place of business. Because the Prossers are alleged to be citizens of Florida, the Prossers assert that diversity is incomplete and that therefore this Court lacks subject matter jurisdiction.

However, the Court is persuaded that Bank of America is the proper Plaintiff. The Certificate of Merger filed on June 29, 2011 with the Secretary of State of the State of Delaware indicates that Bank of America merged with MLCC and that MLCC ceased to exist as a separate entity thereafter. (Doc. No. 38. Ex. 1). Therefore, Bank of America's citizenship controls for purposes of determining diversity under 1332(a). *See Sentry Mktg., Inc. v. Unisource Worldwide, Inc.*, 42 F. Supp. 2d 188, 191 (N.D.N.Y. 1999) (finding a Certificate of Ownership and Merger sufficient to establish a merger for purposes of assessing diversity jurisdiction). Plaintiff, a national bank, is a citizen of North Carolina, the state in which its main office is located. *See Wachovia Bank*, 546 U.S. at 303. No Defendant is alleged to be a citizen of North Carolina. Thus, there appears to be complete diversity of citizenship for purposes of 1332(a).

---

[3] Generally, a subsidiary corporation that is incorporated as a separate entity from its parent corporation is treated as having its own separate corporate citizenship. *See Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279, 283–84 (6th Cir. 1990) (citing *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140 (3d Cir. 1972) and cases from the First and Fifth Circuits).

[4] The Prossers also appear to assert that Merrill Lynch Wealth Management (MLWM) is a real party in interest but they provide no information as to MLWM's involvement in the loan at issue. Therefore, the Court will not further address MLWM.

6

The Prossers have not contested the satisfaction of the $75,000 amount in controversy requirement. Therefore, this Court's subject matter jurisdiction has been properly asserted.

  *ii.* *Abstention*

The Prossers also assert that the case should be dismissed under the abstention doctrine articulated by the Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). In that case, the Supreme Court noted that federal district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" and thus abstention is appropriate only under "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* at 813, 817. Furthermore, "[g]enerally as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Id.* at 817. However, the *Colorado River* Court noted three situations in which abstention is proper:

> (1) cases that present federal constitutional issues that might be mooted or presented in a different posture by a state court determination of pertinent state law [i.e., *Pullman* abstention]; (2) cases that present difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case then at bar [i.e., *Burford* abstention, *Thibodaux* abstention]; and (3) cases in which federal jurisdiction has been invoked for the purpose of restraining valid, good faith state criminal proceedings [i.e., *Younger* abstention].

*IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 305 (3d Cir. 2006). Then the Court proceeded to recognize a fourth category of cases in which abstention might be appropriate "out of respect for considerations of judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* This last species of abstention—*Colorado River* abstention—applies where there are concurrent state and federal proceedings and exceptional circumstances counselling against the exercise of federal

jurisdiction. *See Grode v. Mutual Fire, Marine, and Inland Ins. Co.*, 8 F.3d 953, 956 (3d Cir. 1993).

The Prossers appear to argue that the second and fourth types of abstention apply here. The second category of abstention stems from two Supreme Court cases: *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) and *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959), from which *Burford* abstention and *Thibodaux* abstention, respectively, are derived. *Burford* abstention permits a federal court sitting in diversity jurisdiction to "refrain from exercising authority over questions involving basic problems of state policy pertaining to the regulation of important state natural resources." *Grode*, 8 F.3d at 956. "*Burford* abstention is usually applied to state regulatory matters such as establishing rates for natural gas or transportation, discontinuing railroad passenger services, discontinuing intrastate air service, or applying state eminent domain procedures." *Id.* (internal citations omitted). A closely related doctrine, *Thibodaux* abstention applies where a federal court sitting in diversity jurisdiction is faced with difficult state law questions that implicate important state interests, such that federal adjudication "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Colorado River*, 424 U.S. at 814. In *Thibodaux*, the important state law issue concerned the scope of municipalities' eminent domain power. "*Thibodaux* is really a variant of the *Burford* abstention doctrine and has not evolved as a separate doctrine of its own." *Grode*, 8 F.3d at 957.

Here, the Prossers appear to claim that *Burford* and *Thibodaux* abstention are warranted because this matter involves no federal questions and raises "complex issues of Territorial Law" relating to the duties and obligations between mortgagors and mortgagees. (Doc. No. 36 at 8). However, the Prossers provide no authority or further elaboration to support their general

assertion, and the Court cannot discern any complex state administrative processes or regulatory schemes implicated in the present mortgage foreclosure action. Nor do there appear to be any important state interests or policies at issue that may be impaired by the exercise of federal jurisdiction. *See Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 83 (3d Cir. 2011) (finding "no overriding state policy or matter of substantial public concern" implicated in the context of a foreclosure sale). Therefore, *Burford* and *Thibodaux* abstention are not appropriate here.

The Prossers further assert that *Colorado River* abstention warrants dismissal of the Complaint because there is a concurrent proceeding in the Virgin Islands Superior Court. The threshold issue for *Colorado River* abstention is whether the state and federal actions are "parallel" proceedings; if not, then the federal district court lacks the power to abstain. *See Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997). "For judicial proceedings to be parallel, there must be identities of parties, claims, and time," meaning the cases "involve the same parties and substantially identical claims, raising nearly identical allegations and issues." *IFC Interconsult, AG*, 438 F.3d at 306. However, complete identity of parties is not required for abstention. *Id.* (internal citations and quotation marks omitted). "Federal and state cases are sufficiently parallel if all of the parties in the federal case are also parties in the state case, even if the state case involves additional parties." *Francis v. Bridgestone Corp.*, No. 2010/30, 2011 WL 2710009, at *2 (D.V.I. July 12, 2011) (internal citations omitted).

Here, upon examination of Mrs. Prosser's Superior Court Complaint and Bank of America's present Complaint, it appears that the suits are not parallel. The parties and claims are different, and the issues to be adjudicated appear to be non-overlapping. The Superior Court suit brought by Mrs. Prosser against MLCC and FirstBank Puerto Rico asserts various tort and contract causes of action arising out of an allegedly improper disclosure of financial information

9

by MLCC's former counsel during the prior bankruptcy proceeding. To prevail, Mrs. Prosser must demonstrate, among other things, that MLCC and FirstBank owed a duty of confidentiality to Mrs. Prosser and that MLCC and FirstBank breached that duty, causing damages to Mrs. Prosser. *See, e.g., U.S. v. Christopher*, No. 1999-196, 2012 WL 2062360, at *4 (D.V.I. June 8, 2012) (stating the four elements required to establish a breach of contract under Virgin Islands law: "(1) an agreement, (2) a duty created by that agreement, (3) a breach of that duty, and (4) damages."); Restatement (Second) of Torts § 281 (1965) (stating the four elements of negligence: (1) duty, (2) breach of duty, (3) causation, and (4) damages). The underlying mortgage is not directly implicated in the Superior Court suit.

In contrast, the present matter is a mortgage foreclosure action brought by MLCC's successor Bank of America against the Prossers and several other Defendants, none of whom is a party in Mrs. Prosser's Superior Court action. To prevail on its foreclosure claim, Bank of America must establish "(1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note." *Christopher*, 2012 WL 2062360, at *4. Although the nature of the relationship between MLCC and the Prossers is central to both lawsuits, the relevant aspects of that relationship are different in each case, and each case has distinct claims, theories of relief, and elements of proof. A judgment in the present case would not interfere or conflict with any judgment in the Superior Court. Thus, the Superior Court action and the present matter are not parallel proceedings and *Colorado River* abstention is inapplicable. *See Davies v. Hansen Bay Investors, LLC*, No. 2007-145, 2008 WL 786784, at *2-3 (D.V.I. Mar. 20, 2008) (finding *Colorado River* abstention inappropriate because a Superior Court suit claiming breach of contract and a federal foreclosure suit are not parallel proceedings

though the two cases "might arise out of the same factual scenario"); *DeHart v. U.S. Bank, N.A. ND*, 811 F. Supp. 2d 1038, 1046 (D.N.J. 2011) (finding a state foreclosure action and a federal action seeking damages for debt collection practices not parallel proceedings because the two judgments would not conflict with each other).

### iii. Joinder of Trustee

Lastly, the Prossers argue that dismissal is warranted because James Carroll, the Chapter 7 Trustee of the estate at issue, was not named as a defendant in the Complaint despite being a necessary party. In foreclosure actions, parties who have recorded subsequent liens against the real property that is the subject of the lawsuit are necessary parties whom must be joined as defendants. *See* 28 V.I.C. § 532. At this time, Plaintiff agrees that Carroll should be joined. Furthermore, it appears that the joinder of this defendant would not disrupt complete diversity under 28 U.S.C. § 1332(a) as Carroll is not a citizen of North Carolina. (*See* Doc. No. 38, Ex. 3, Answer to Compl. in *FirstBank Puerto Rico v. AMJ, Inc.*, Civ. No. 11-cv-00063) (stating that Carroll is a citizen of Massachusetts). Therefore, the Court will order Plaintiff to join James Carroll as a Defendant by filing an Amended Complaint.[5]

### CONCLUSION

For the reasons above, the Prossers' Motion to Dismiss will be denied, and Plaintiff will be directed to amend its Complaint to join trustee James Carroll as a Defendant.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

---

[5] The Prossers seemingly do not object to Carroll's joinder since they did not file any reply to Plaintiff's opposition to the Motion to Dismiss, nor did they file any other opposition to Plaintiff's proposed amended complaint, which adds Carroll as a Defendant.

11