NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE VIRGIN ISLANDS**
**ST. CROIX DIVISION**

| | |
|---|---|
| BANK OF AMERICA, NA, as successor in interest by merger to MERRILL LYNCH CREDIT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DAWN E. PROSSER, et al.,<br><br>Defendants. | Civ. No. 12-0008<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

This matter appears before the Court upon the motion of plaintiff Bank of America, NA ("Plaintiff") to dismiss the counterclaim filed by defendants Dawn E. Prosser and Jeffrey J. Prosser (collectively "the Prossers"), on the basis of Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 77). The Prossers oppose. (ECF No. 79). The Court has issued the opinion below based on the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Plaintiff's motion will be granted.

BACKGROUND

Plaintiff's suit is a foreclosure action seeking declaratory judgment with respect to a note and mortgage on which the Prossers are allegedly in default. The remaining defendants include individuals and entities holding liens alleged to be junior to the interests held by Plaintiff. Given

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

the extensive proceedings in this matter, the Court will recount here only those facts relevant to the present motion.

On November 24, 1993 the Prossers allegedly took out a loan from Merrill Lynch Credit Corporation ("MLCC"), executing and delivering a promissory note to MLCC. In the note, the Prossers promised to pay the principal sum of one million dollars plus 7.5% interest per year to MLCC. As a security for the note's repayment, the Prossers executed and recorded a mortgage in favor of MLCC for a piece of real property in St. Croix ("the St. Croix Property"). On July 1, 2011, MLCC merged into Bank of America, NA and thus, Plaintiff is now the holder of the note and mortgage.

The Prossers allegedly defaulted on the terms and conditions of the note and mortgage and failed to cure their default despite a demand made by Plaintiff. On January 27, 2012, Plaintiff filed the present foreclosure action seeking declaratory judgment as to default, the amount of outstanding unpaid debt due, the relative priority of liens, and the terms and conditions of a foreclosure sale, among other issues.

On August 13, 2015, after the filing of various motions and an amended complaint, the Prossers filed an answer to Plaintiff's complaint in which they also instituted a counterclaim. The Prossers' counterclaim is based upon bankruptcy proceedings in which Mr. Prosser has been involved since 2006. As part of the bankruptcy proceedings, the trustee of Mr. Prosser's bankruptcy estate was granted the right to sell certain property owned by the Prossers in Palm Beach, Florida ("the Palm Beach Property"). The Prossers have repeatedly objected to the trustee's handling of the bankruptcy estate and accuse the trustee, Plaintiff, and others of participating in a wide-ranging conspiracy and racketeering enterprise to bankrupt, silence, and discredit Mr. Prosser. The Prossers' counterclaim argues that they are entitled to damages from

Plaintiff due to its part in the conspiracy, and that these damages offset any damages that the Prossers might owe to Plaintiff.

Plaintiff moved to dismiss the Prossers' counterclaim in a motion filed September 28, 2015. This motion is presently before the Court.

DISCUSSION

A. Legal Standards

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a pleading. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The opposing party bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must take note of the elements a party must plead to state a claim. *Id.* (citing *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of the party's well-pleaded factual allegations and construe the pleading in the light most favorable to that party. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). However, the court may disregard any conclusory legal allegations. *Id.* Finally, the court must determine whether the facts are sufficient to show that party has a "plausible claim for relief." *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than the mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" instead, the facts must allow a court reasonably to infer that the opposing party is liable for the misconduct alleged. *Id.* at 210, 211 (quoting *Iqbal*, 556 U.S. at 678-79).

The adequacy of a pleading is also governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading allege "a short and plain statement of the claim showing that the

pleader is entitled to relief." This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). When a party alleges fraud, that party must go beyond the "short and plain statement" and "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro. 9(b).

B. Analysis

In its motion to dismiss the Prossers' counterclaim, Plaintiff attacks the Prossers' counterclaim on several grounds. First, Plaintiff argues that the Prossers' counterclaim is barred by res judicata. Second, Plaintiff contends that the Prossers' counterclaim should be dismissed for lack of subject matter jurisdiction. Finally, Plaintiff asserts that the Prossers fail to state a plausible claim for relief. Because the Court finds that the Prossers' counterclaim fails to state a plausible claim for relief, the Court will not reach Plaintiff's other two arguments.

The Prossers assert a variety of allegations related to an alleged racketeering enterprise involving Plaintiff and other entities, with predicate acts of mail fraud, wire fraud, and money laundering, among others. In order to state a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68, a party must allege (1) the conducting of (2) an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). A private party must also allege injury to his business or property in order to have standing to sue. *See id.* Accepting all of the Prossers' factual allegations as true, the Prossers have not provided sufficient facts for the Court to reasonably infer that they are entitled to relief under RICO.

To begin with, the Prossers fail to suggest that any racketeering enterprise existed. RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group or individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The Supreme Court has explained that an enterprise "is an entity separate and apart from the pattern of activity in which it engages," and that its existence is proven "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Irizarry*, 341 F.3d 273, 285-86 (3d Cir. 2003) (citing *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Although the Prossers make allegations against a variety of entities, such as the National Rural Utilities Cooperative Finance Corporation and the Rural Telephone Finance Cooperative, the Prossers do not indicate how these entities are connected as a continuing unit. Nor do they indicate how these entities might be connected, formally or informally, with Plaintiff. Therefore, the Court cannot reasonably infer from the Prossers' counterclaim that any such enterprise exists or existed.

Moreover, the Prossers do not show a pattern of activity involving Plaintiff. While the Prossers make many allegations of racketeering activity, only one such allegation involves Plaintiff: the Prossers allege that Plaintiff worked in concert with "Chapter 7 Bankruptcy Professionals" to force the sale of the Palm Beach Property despite knowing that the property was exempt from sale as part of Mr. Prosser's bankruptcy estate. (Answer & Countercl. ¶ 61, ECF No. 72). A pattern of racketeering activity is established by showing that the accused engaged in at least two predicate acts within ten years of each other. 18 U.S.C. § 1961(1), (5); *Amos v. Franklin Fin. Servs. Corp.*, 509 F. App'x 165, 168 (3d Cir. 2013) ("A pattern of racketeering activity requires at least two predicate acts of racketeering activity.") (citation

omitted). Because the Prossers make only a single allegation of racketeering activity against Plaintiff, the Court cannot reasonably infer that Plaintiff engaged in any pattern of activity.[2]

Finally, the Prossers do not plead their counterclaim with sufficient particularity to meet the standards of Rule 8(a)(2) or Rule 9(b). The counterclaim consists almost entirely of conclusory legal conclusions with very little factual matter supporting them. What little factual matter is included is almost entirely speculative. And the Prossers do not state with particularity the circumstances surrounding the alleged fraud perpetrated by Plaintiff. The Prossers' counterclaim omits such details as who specifically was involved in the fraud, when exactly it occurred, and how it was perpetrated. *See, e.g.*, *Bd. of Trs. v. Foodtown, Inc.*, 296 F.3d 164, 172 n.10 (3d Cir. 2002) (noting that Rule 9(b) requires precise allegations of date, time, or place, or some means of "injecting precision and some measure of substantiation"); *Friedberg v. Barefoot Architect, Inc.*, No. 15-0003, 2015 WL 4978456, at *3 (D.V.I. Aug. 20, 2015) (noting that to be well pled under Rule 9, a claim "must identify who, what, where, when, and how"); *Tradewinds Inc. v. Citibank, N.A.*, 20 V.I. 152, 160 (D.V.I. 1983) (requiring description of time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what he obtained from it). Therefore, the Prossers do not meet the pleading requirements set forth in Rule 8(a)(2) and Rule 9(b).

Accepting as true all of the Prossers' well-pleaded factual allegations and construing the pleading in the light most favorable to them, the Prossers have not shown that they have a plausible claim for relief under RICO. The Prossers raise only the mere possibility of

---

[2] It is also unclear whether Plaintiff's alleged behavior would constitute "racketeering activity" as defined by RICO, but the Court will not reach this issue because the Court has found that the Prossers did not show the existence of two of the other required elements: the existence of an enterprise and a pattern of activity.

misconduct, and do not allow the court to reasonably infer that Plaintiff is liable for the racketeering activity alleged. Therefore, the Prossers fail to state a claim, and their counterclaim must be dismissed.

CONCLUSION

For the reasons stated herein, Plaintiff's motion to dismiss the counterclaim filed by the Prossers will be granted. A corresponding order follows.

ANNE E. THOMPSON, U.S.D.J.