NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

| | |
|---|---|
| BANK OF AMERICA, NA, a national banking organization, as successor in interest by merger to Merrill Lynch Credit Corporation, | Civ. No. 12-8 |
| | **OPINION** |
| Plaintiff, | |
| v. | |
| DAWN E. PROSSER, JEFFREY J. PROSSER, RURAL TELEPHONE FINANCE COOPERATIVE, ADDISON CONSTRUCTION AND MAINTENANCE, INC., ARTISAN DESIGN GROUP, LLC, WILLIAM R. NASH, V.I. INC., NATURAL BUILDERS AND QUALIFY DEVELOPERS, LLC, ROITER MECHANICAL SERVICES, JERRY MANN D/B/A MANN INTERPRISES, CHARLIE'S STONE CONSULTING, LLC, ARTISAN STONE AND WOODWORKS, LLC, STAN STRINGEL, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATES OF INNOVATIVE COMMUNICATIONS CORPORATION, EMERGING COMMUNICATIONS, INC., and INNOVATIVE COMMUNICATIONS COMPANY, LLC, and JAMES P. CARROLL, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JEFFREY J. PROSSER, | |
| Defendants. | |

THOMPSON, U.S.D.J.[1]

    This matter appears before the Court upon the motion for summary judgment brought by

Plaintiff Bank of America, NA ("Plaintiff"). (ECF No. 108). Defendants Dawn E. Prosser and

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Jeffrey J. Prosser ("Defendants") oppose. (ECF No. 115). Defendant James P. Carroll, the Chapter 7 Trustee of Defendant Jeffrey J. Prosser's bankruptcy estate, also opposes. (ECF No. 113). In addition, Defendants Dawn E. Prosser and Jeffrey J. Prosser have moved to strike Plaintiff's reply brief on the grounds that it introduces new evidence. (ECF No. 123). The Court has issued the opinion below based on the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendants' motion to strike will be denied, and Plaintiff's motion for summary judgment will be granted.

## BACKGROUND

This case involves Plaintiff's foreclosure on Defendants' real property ("the Property") located at Plot No. 5 and 10-A of the Estate of Anna's Hope, East End Quarter "A," St. Croix, U.S. Virgin Islands. On November 24, 1993, Defendants executed a promissory note and mortgage covering the Property in favor of Merrill Lynch Credit Corporation. (Pl.'s Statement of Undisputed Material Facts ¶¶ 3-4, ECF No. 110; Note, ECF No. 110-4; Mortgage, ECF No. 110-5). On July 1, 2011, Merrill Lynch Credit Corporation merged with Plaintiff. (*Id.* ¶ 5; Certificate of Merger, ECF No. 110-2). As a result, Plaintiff now holds Defendants' note and mortgage on the Property. (*Id.*).

Defendants are in default under the terms and conditions of the note and mortgage. (Pl.'s Statement of Undisputed Material Facts ¶ 6, ECF No. 110). Pursuant to the terms of the note and mortgage, Plaintiff demanded payment of the overdue principal, interest, and late charges. (*Id.* ¶ 7; Notice of Intent to Foreclose, ECF No. 110-6). When that was not paid, Plaintiff then demanded that Defendants pay the entire outstanding principal and interest thereafter. (*Id.*). Defendants have failed to cure their default. (*Id.* ¶ 8). Consequently, on January 27, 2012,

Plaintiff initiated a foreclosure action on the Property in this Court. (Compl., ECF No. 1). On May 29, 2012, Plaintiff filed a motion to dismiss. (ECF No. 35). The case was transferred to Judge Anne E. Thompson on January 29, 2015. (ECF No. 54). This Court denied Plaintiff's motion to dismiss on April 6, 2015. (ECF No. 55). Then, on March 8, 2016, Plaintiff filed a motion for summary judgment. (ECF No. 108). Defendants later filed a motion to strike Plaintiff's reply brief, on the grounds that it introduced new evidence. (ECF No. 123). These motions are presently before the Court.

## DISCUSSION

A. Legal Standards

*1. Motion to Strike*

Federal Rule of Civil Procedure 12(f) allows the Court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." To prevail on a motion to strike, the movant must show that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration and that their presence in the pleadings will be prejudicial. *Flanagan v. Wyndham Int'l, Inc.*, No. 02-237, 2003 WL 23198798, at *1 (D.V.I. Apr. 21, 2003). Such motions are disfavored because they are a "drastic remedy to be resorted to only when required for the purpose of justice." *Id.* In considering a motion to strike, the Court will accept all of the non-moving party's well-pleaded facts as true, draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion. *Michael v. McIntosh*, No. 07-100, 2007 WL 3124670, at *2 (D.V.I. Oct. 9, 2007).

### 2. *Motion for Summary Judgment*

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The non-movant's burden is heavy at this point: it "must point to concrete evidence in the record;" mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatte v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995); *Jackson v. Danberg*, 594 F.3d 210, 227 (3d Cir. 2010) (citations omitted).

B. Analysis

### 1. *Defendants' Motion to Strike*

The Court will first address Defendants' motion to strike Plaintiff's reply brief. Defendants move under Federal Rule of Civil Procedure 12(c), which does not pertain to motions to strike but rather pertains to motions for judgments on the pleadings. Therefore, the Court will construe Defendants' motion as a motion under Rule 12(f), which has been held to control motions to strike. *Bryan v. United States of Am.*, No. 10-66, 2012 WL 5258965, at *4 (D.V.I. Oct. 24, 2012). Defendants move to strike Plaintiff's reply brief on the grounds that Plaintiff introduces new evidence, which is not permissible at this stage of motion practice.

Plaintiff responds that it provided this evidence in response to Defendants' allegations, as is permitted under the local court rules, and in any case, the Court may not strike the reply brief as it is not a pleading, and therefore not eligible to be stricken under Rule 12(f). Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court acknowledges that under Federal Rule of Civil Procedure 7(a), a reply brief is not a "pleading," *see* Fed. R. Civ. P. 7(a) (defining a pleading as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, or a reply to an answer), and therefore not subject to strike under this Court's precedent. *See Bryan*, 2012 WL 5258965, at *4. However, the Court has previously recognized its power "in its discretion, [to] refuse to consider arguments raised for the first time in a reply." *Charleswell v. Chase Manhattan Bank, N.A.*, 223 F.R.D. 371, 377 (D.V.I. 2004).

While the Court has the power to disregard Plaintiff's arguments, the Court agrees that it was permissible for Plaintiff to provide additional evidence in its reply brief. As Plaintiff notes,

Local Rules 56.1(a) and (b) allow a party to respond to additional facts cited by the opposing party by "affix[ing] to the response copies of . . . the precise portions of the record relied upon as evidence of each material fact." Additionally, a party "may file a concise statement of any additional facts that [the party] contends are material to the motion for summary judgment." *Id.* Under these rules, Plaintiff was permitted to respond to the new factual allegations raised by Defendants in their opposition to Plaintiff's motion. Consequently, Defendants' motion to strike Plaintiff's reply brief will be denied.

### 2. *Plaintiff's Motion for Summary Judgment*

Plaintiff moves for summary judgment on its foreclosure claim against Defendants, arguing that it has proven all of the elements of a foreclosure action for the Property: that it executed a note and mortgage, that Defendants failed to repay the sums due under that agreement, and that it is entitled, under the terms of the note and mortgage, to foreclose on the property. *First Am. Dev. Grp./Carib, LLC v. WestLB AG*, No. 09-535, 2011 WL 3875628, at *9 (V.I. Super. Ct. Aug. 24, 2011); *Bank of Nova Scotia v. Dean*, No. 11-64, 2014 WL 1301961, at *2 (D.V.I. Mar. 31, 2014).

In their briefing, Defendants do not present factual allegations to dispute that Plaintiff has proven the elements of a foreclosure claim as described above. Rather, Defendants focus on a variety of other issues. Defendants oppose the motion primarily on the grounds that this Court lacks jurisdiction to order the relief requested because the Court lacks jurisdiction over the Property. Defendants assert that the Property is part of an estate currently under the exclusive jurisdiction of the Bankruptcy Court for the U.S. Virgin Islands, as Defendant Jeffrey J. Prosser has been involved in ongoing bankruptcy proceedings since 2006. Plaintiff responds that a February 9, 2010 Order by the Bankruptcy Court terminated that court's automatic stay with

6

respect to the Property. *See In re Prosser*, No. 06-30009 (Bankr. D.V.I. Feb. 9, 2010). In response, Defendants assert that the lifting of the automatic stay does not divest the bankruptcy court of jurisdiction. Moreover, Defendants point to more recent orders from the bankruptcy court regarding the Shoys Estate as evidence that the bankruptcy court has not ceded jurisdiction. *See In re Prosser*, No. 06-30009 (Bankr. D.V.I. Oct. 22, 2013) (order approving the marketing and sale of the Shoys Estate).

The Court finds that it does have jurisdiction to order the relief requested because the Court has jurisdiction over the Property. "Bankruptcy courts have exclusive jurisdiction over a debtor's property, wherever located, and over the estate." *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 447 (2004) (citing 28 U.S.C. § 1334(e)). When this jurisdiction has attached, other courts cannot order changes in possession of the debtor's property, as an automatic stay goes into place staying the commencement or continuation of any judicial proceedings. 11 U.S.C. § 362(a)(1); *see also Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1203 (3d Cir. 1991). However, the bankruptcy court may provide relief from the stay upon request and after notice and a hearing, by terminating, annulling, modifying, or conditioning the stay. *See* 11 U.S.C. § 362(d). If the bankruptcy court grants relief from the stay, judicial proceedings against the debtor may then continue. *Mar. Elec. Co.*, 959 F.2d at 1204; *In re Highway Truck Drivers & Helpers Local 107*, 888 F.2d 293, 298 (3d Cir. 1989).

In this case, both parties agree that the bankruptcy court lifted the automatic stay on the Property on February 9, 2010. (*See* Defs.' Br. 7, ECF No. 117; Pl.'s Br. 11, ECF No. 122). Although the bankruptcy court continues to adjudicate some issues concerning Defendants, the bankruptcy court has never vacated its February 9, 2010 order or indicated that the order was

7

changed in any way. Therefore, the Court finds that the automatic stay on the Property has been lifted, and judicial proceedings regarding the Property may continue.

Defendants also argue that Plaintiff lacks standing because it cannot produce the original promissory note. However, after Defendants raised this objection, Plaintiff secured the original signed note, thus mooting this potential issue. (*See* Original Note, ECF No. 122-1). Finally, Defendants assert that Plaintiff fails to establish a statutory condition precedent to granting foreclosure relief, because Plaintiff has not provided the Court with evidence that a good faith effort was made to settle the matter through mediation, as required under 28 V.I.C. § 531(b). But as Plaintiff notes, Section 531(b) was enacted in April 2012, after Plaintiff initiated the foreclosure suit against Defendants. *See* V.I. Code Ann. tit. 28, § 531 note.

> When a case involves a statute enacted after the events in the suit,
>
> the court's first task is to determine whether [the Legislature] has expressly prescribed the statute's proper reach. If [the Legislature] has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear [legislative] intent favoring such a result.

*Bramble v. Virgin Island Port Auth.*, No. 06-678, 2015 WL 1744241, at *4 (V.I. Super. Ct. Apr. 10, 2015) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994)). Here, the text of the statute includes no indication that the statute should apply retroactively. *See* V.I. Code Ann. tit. 28, § 531. Given that a retroactive effect would impose new duties with respect to transactions already completed, the presumption that the statute does not govern absent clear legislative intent should hold. Further, given that there is no clear legislative intent that the mediation statute

should apply retroactively, the Court finds that Section 531(b) does not apply retroactively, and therefore does not apply to Plaintiff's case.

As described above, the elements of a foreclosure claim include the following: that the plaintiff executed a note and mortgage, that the defendant failed to repay the sums due under that agreement, and that the plaintiff is entitled, under the terms of the note and mortgage, to foreclose on the property. *First Am. Dev. Grp./Carib, LLC*, 2011 WL 3875628, at *9; *Bank of Nova Scotia*, 2014 WL 1301961, at *2. In this action, Plaintiff submitted documents showing that Defendants executed a promissory note and mortgage covering the Property in favor of its predecessor in interest, Merrill Lynch Credit Corporation. (Pl.'s Statement of Undisputed Material Facts ¶¶ 3-4, ECF No. 110; Note, ECF No. 110-4; Mortgage, ECF No. 110-5). Plaintiff's documentation further showed that it is entitled to foreclose upon the property under the terms of the note and mortgage. (Note, ECF No. 110-4; Mortgage ¶ 21, ECF No. 110-5). Finally, Plaintiff submitted documentation showing that Defendants failed to repay the sums due under this agreement. (Pl.'s Statement of Undisputed Material Facts ¶¶ 6, 8, ECF No. 110; Notice of Intent to Foreclose, ECF No. 110-6).

In their joint response to Plaintiff's statement of facts, Defendants state that these facts are disputed. (*See* Defs.' Joint Response to Bank of America's Statement of Undisputed Facts, ECF No. 116). However, Defendants do not provide any facts of their own in response. (*See id.*). Rather, they refer back to their joint statement of facts and memorandum of law opposing Plaintiff's motion for summary judgment. (*See id.*). But Defendants' opposition to Plaintiff's motion does not contain any additional facts that contradict Plaintiff's facts as stated above. (*See* Defs.' Joint Statement of Facts and Memorandum of Law in Support of Their Opposition to Bank of America's Motion for Summary Judgment, ECF No. 117).

9

In order to prevail on a motion for summary judgment, the adverse party must set forth *specific facts*, including concrete evidence in the record, showing that there is a genuine issue for trial. Because Defendants did not set forth specific facts showing that there is a genuine issue for trial, Defendants failed to carry their burden in opposing the motion. Therefore, Plaintiff has shown that there is no genuine dispute of material fact and it is entitled to judgment as a matter of law. Consequently, Plaintiff's motion for summary judgment will be granted, and judgment will be entered in Plaintiff's favor.

## CONCLUSION

For the above reasons, Defendants' motion to strike Plaintiff's reply brief will be denied. Plaintiff's motion for summary judgment will be granted, and judgment will be entered in Plaintiff's favor. Plaintiff must submit a proposed form of order within ten days consistent with this opinion and appropriate for its implementation.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

**Date:** August 30, 2016